IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE D. HODGE and LOVENNIA M. HODGE, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:15-CV-1189-D |
| AMERICAN SOUTHWEST MORTGAGE CORP., ET AL., | ) ) ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Factual background**

Plaintiffs are proceeding *pro se* and the Court has granted them leave to proceed *in forma pauperis*.  Defendants are American Southwest Mortgage Corporation, First American Title Insurance Company, Beazer Homes, Veteran Affairs, Keller Williams and Spirit Bank.  Process has not issued pending preliminary screening.

Plaintiffs claim Defendants committed fraud relating to their mortgage documents and their state court litigation in *Hodge v. American Southwest Mortg. Corp.*, No. DC-09-05417 (160th Dist. Ct., Dallas County, Texas, filed May 4, 2009).  The state court case appears to have terminated in 2012.  *See* www.Dallascounty.org.  Plaintiffs state they have filed this suit pursuant to 18 U.S.C. §1028.

## II.  Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ."  *Id.* at 555.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129

S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

## III.  Discussion

Plaintiffs state they filed this complaint pursuant to 18 U.S.C. § 1028, which criminalizes

fraud related to identification documents.  This statute, however, is a criminal statute and it does

not create a private right of action*.  See Obianyou v. Tennessee*, 518 Fed. Appx. 71, 72 (3d Cir.

2013); *Garay v. Bancorp*, 303 F.Supp.2d 299, 302 (E.D.N.Y. 2004).  Plaintiffs' claims under this

statute should therefore be dismissed.

Additionally, although Plaintiffs list the Veteran Affairs as a Defendant, they have failed

to show they have exhausted their administrative remedies under the Federal Tort Claims Act

("FTCA").  The FTCA contains a limited waiver of sovereign immunity allowing suit against the

United States.  *See* 28 U.S.C. § 2671, *et seq*.  Under the FTCA, however, exhaustion of

administrative remedies is a jurisdictional prerequisite.  The FTCA bars a claimant from bringing

suit in federal court unless he filed an administrative claim with the appropriate federal agency

and either obtained a written denial or waited six months.  *See* 28 U.S.C. § 2675(a).  In *McNeil v.*

*United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely

exhaust administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect

that cannot be cured by administrative exhaustion after suit is filed.  Subsequent to *McNeil*, the

Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the

United States is a defendant, and that the requirement cannot be waived.  *Price v. United States*,

69 F.3d 46, 54 (1995).  Plaintiffs' claims against the Veteran Affairs should therefore be

dismissed.

Finally, Plaintiffs have not established that diversity jurisdiction exists as to their fraud

claims against the remaining Defendants.  "[T]he burden of establishing federal jurisdiction rests

on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.),

*cert. denied*, 534 U.S. 993 (2001).

Plaintiffs list their address as Lancaster, Texas.  They list a Texas address for Defendants

American Southwest Mortgage Corporation and First American Title Insurance Company, and

fail to list an address for Beazer Homes and Keller Williams.  Plaintiffs therefore do not allege

complete diversity of citizenship necessary to proceed under § 1332.  *See Stafford v. Mobil Oil*

*Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete

diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Plaintiffs' complaint should be dismissed.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that this case be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B).

Signed this 24th  day of April,  2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).